IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK MCGLONE AND NATALIE D'ONOFRIO<br>*Plaintiff,*<br><br>v.<br><br>CROSSCOUNTRY MORTGAGE INC., ITS SUCCESSORS AND/OR ASSIGNS<br>*Defendant* | § § § § § § § § § § § CIVIL ACTION NO. 4:22-cv-02571 |

## NOTICE OF REMOVAL

Defendant, CrossCountry Mortgage Inc., its successors and/or assigns ("CrossCountry"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the 334th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I. PROCEDURAL BACKGROUND

1. Plaintiffs commenced this action by filing an Original Petition (the "Complaint") on June 29, 2022, in the 334th District Court of Harris County, Texas, and the case was docketed as Cause No. 2022-38887 (the "State Court Action"). In the Complaint, Plaintiffs urge claims against Defendant for breach of contract, violations of the Texas Debt Collections Act, violations of the Real Estate Settlement Procedures Act ("RESPA"), and seek injunctive relief. Plaintiffs allege that they borrowed money, signed a Note and Deed of Trust, fell behind on payments, applied for assistance in the form of a loan modification/loss mitigation, and was strung along through the modification process without the loan ever being modified or receiving notice of the same.

2. Defendant filed their Original Answer on August 2, 2022.

3. Plaintiffs' Complaint urges a claim for relief under the laws of the United States. 28 U.S.C. §1441(c)(1). Pursuant to 28 U.S.C. §1446(b)(3), this Notice of Removal must be filed within thirty days of the date that Defendant received a copy of the Petition. Defendant, through the undersigned counsel, first received a copy of Plaintiffs' Petition on June 29, 2022.

4. Plaintiffs have requested a jury trial in the State Court Action.

## II. PROCEDURAL REQUIREMENTS

5. Pursuant to Federal Rules of Civil Procedure 7.1 and Local Rule 81, Defendant attaches the following to this Notice of Removal:

  a. A Civil Cover Sheet (form JS-44) (**Exhibit 1**);

  b. All executed process in the case (**Exhibit 2**)

  c. Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction; Defendant's Original Answer and Counterclaim. (**Exhibit 3**);

  d. Order signed by State Judge (**Exhibit 4**);

  e. A copy of the State Court's Docket Sheet (**Exhibit 5**);

  f. An Index of All Documents Being Filed (**Exhibit 6**);

  g. A list of all counsel of record, including addresses, telephone numbers, and partied represented (**Exhibit 7**); and

  h. Disclosure Statement and Statement of Interested Parties (**Exhibit 8**).

To the extent possible, these documents are arranged in chronological order according to the state court file date.

6. Concurrently with the filing of this Notice, Defendant is serving this Notice on Plaintiffs and filing a copy of the Notice with the Harris County District Clerk.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 144(a), because the United States District Court for the Southern District of Texas, Houston Division is the federal judicial district embracing Harris County, Texas, where this action was originally filed.

8. Defendant is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit "8."**

9. Defendant reserves the right to assert any defenses and/or objections to which it may be entitled.

### III.   BASIS FOR REMOVAL JURISDICTION

10. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

**Federal Question Jurisdiction.**

11. The district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331.

12. This case satisfies the requirements for federal question jurisdiction under 28 U.S.C. §1331 because Plaintiffs have alleged that they are entitled to relief under the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. §2601 *et seq.*, and Regulation X of the Code of Federal Regulations established by the Consumer financial Protection Bureau, 12 C.F.R §1024.41. Specifically, Plaintiffs allege that CrossCountry violated RESPA by failing to notify them of their right to appeal denial of their application and failure to provide them with loss mitigation options after a payment forbearance program under a COVID-19 related hardship. *See* Complaint at ¶¶28-

31. RESPA is a "law" of the United States as contemplated by 28 U.S.C. §1331. Accordingly, this Court has original jurisdiction over the RESPA claim and this lawsuit. 28 U.S.C. §1367(a)

## V. CONCLUSION

For the foregoing reasons, Defendant, CrossCountry Mortgage Inc., its successors and/or assigns, respectfully ask this Court to accept this Notice of Removal, that this suit be removed to the United States District Court for the Southern District of Texas, Houston Division, and that this Honorable Court exercise its jurisdiction over the claims and defenses presented in this lawsuit.

Dated: August 2, 2022

Respectfully submitted,

HUGHES WATTERS ASKANASE, LLP

By: _____
Damian W. Abreo
Texas Bar No. 24006728
TotalEnergies Tower
1201 Louisiana Street, 28th Floor
Houston, Texas 77002
(713) 759-0818 (Telephone)
(713) 759-6834 (Facsimile)
dabreo@hwa.com (E-mail)

**ATTORNEY FOR DEFENDANT,
CROSSCOUNTRY MORTGAGE INC., ITS
SUCCESSORS AND/OR ASSIGNS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 2nd day of August, 2022 addressed as follows:

*Via Efile and Email: jgh@jghfirm.com*
John G. Helstowski
J. GANNON HELSTOWSKI LAW FIRM
5209 Heritage Avenue, Suite 510
Colleyville, Texas 76034

**ATTORNEY FOR PLAINTIFFS**

_____
Damian W. Abreo